[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves this court to suppress all oral and written statements made by him to law enforcement personnel on November 27, 1995 and November 28, 1995 claiming various violations of his rights under the United States Constitution and the Connecticut Constitution as more fully set forth in his motion dated May 29, 1998.
On June 4, 1998, the court granted the defendant's motion to suppress any statements made by him in the rear of a police cruiser on November 27, 1995 and denied his motion with respect to statements made by him at the Hartford Police Station on November 28, 1995.
With regard to the denial of the motion as it pertained to the statements of November 28, 1995, the court enters the following findings based on the evidence presented at a hearing on this motion:
1. That the defendant was in custody and subject to police interrogation at the time any statements were made by him;
2. That at no time during police interviews did the defendant say that he wanted to speak with an attorney or discontinue the interrogations;
3. That Detective James C. Rovello of the Hartford Police Department properly advised the defendant of his constitutional rights pursuant to Miranda v. Arizona, 384 U.S. 436, before initiating each of two interrogations;
4. That the defendant knowingly and intelligently waived these rights on two occasions and signed waiver forms prior to both police interviews.
5. That there is no evidence that any member of the CT Page 10162 Hartford Police Department intimidated, threatened, harassed, deceived or psychologically or physiologically manipulated the defendant during the interrogation period nor is there any evidence that the defendant suffered from any mental illness on November 28, 1995.
Based on all the evidence submitted and considering the totality of the circumstances surrounding the interrogation of the defendant in the early morning hours of November 28, 1995, the court finds that the state has met its burden of proof by a preponderance of the evidence that such statements were made voluntarily by the defendant after a knowing and intelligent waiver of his constitutional rights.
Accordingly, there being no violation of either the defendants' state or federal constitutional rights, his motion to suppress is denied with respect to statements made on November 28, 1995.
Barry, J.